UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KATERBERG,

        Plaintiff,

   v.

CSX TRANSPORTATION, INC., a corporation,

        Defendant.

_____/

Case No. 1:03-CV-837

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff David Katerberg's thirteen Motions *in Limine* to exclude certain evidence from consideration at trial. Defendant CSX Transportation, Inc. has responded to each Motion and the Court finds oral argument unnecessary. W.D. MICH. LCIVR 7.3(d).

**I.    BACKGROUND**

      Plaintiff's Complaint charges Defendant with two counts of liability under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. Concerning Count One, Plaintiff avers that on July 19, 2001, he suffered injuries while working in Defendant's rail yard because Defendant failed to provide him a reasonably safe place to work. Plaintiff was struck in the face with a rail road switch and lists his injuries as disability, pain and suffering, medical expenses, and lost wages. Defendant moved for partial summary judgment on Count One regarding its negligence and FELA liability. The Court denied that motion on April 15, 2005. As for Count Two, Plaintiff alleges that on November 18, 2002, Defendant negligently caused a train derailment where Plaintiff narrowly escaped physical injury, but suffered emotional injuries from the accident.

## II.   CONTROLLING STANDARDS

The Court exercises discretion when resolving questions of admissibility and relevancy of evidence at trial. *General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997); *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). The preferred mode of decision is, as in this case, by rulings in advance of trial so as to save court resources, permit an efficient presentation of proofs to the jury, and avoid jury prejudice. *See* FED. R. EVID. 103.

Evidentiary rulings depend in large part on the trial court's assessment of the relevance of the proffered evidence and the extent of any prejudice caused by its admission. Under Federal Rule of Evidence 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." With these principles in mind the Court turns to Plaintiff's Motions.

## III.   DISCUSSION

According to Plaintiff, Defendant indicated to him that it intends to introduce various police reports, court records, medical records, and employment records relating to Plaintiff. Plaintiff seeks to prevent the introduction of that evidence, which he lists as the following:

1.   A 2002 domestic abuse arrest;
2.   A 1999 domestic abuse arrest;
3.   A 1996 felony conviction;
4.   A 1995 allegation of pointing a gun at a co-worker;
5.   A 1995 positive urine test for marijuana;
6.   Various alleged violations of former employer's rules;

      7.        A 1995 allegation of "horseplay" with another employee where a glass door was caused to be broken; and

      8.        Prior minor injuries incurred both within and outside of the workplace.

(Pl.'s Br. in Supp. of First Mot. *In Limine* at 2). Despite the fact that the Motions were all simultaneously filed and overlap to some degree, the Court will give each Motion *In Limine* individual consideration when warranted.

      A.        **Plaintiff's First Motion *In Limine*—Excluding All Prior Arrest, Conviction, Employment, and Medical Records Under Rules 608, 402, and 403**

In support of Plaintiff's First Motion *In Limine*, Plaintiff cites to Federal Rule of Evidence 608(b)'s prohibition of using extrinsic evidence to attack Plaintiff's character for truthfulness. While this is generally true, Defendant correctly observes that Rule 608(b) was amended in 2003 to "conform[] the language of the Rule to its original intent, which was to impose an absolute bar on extrinsic evidence only if the sole purpose for offering the evidence was to prove the witness' character for veracity." FED. R. EVID. 608(b) Advisory Committee Notes to the 2003 Amends. "By limiting the application of the Rule to proof of a witness' character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403." *Id.* (citing cases).

Defendant has indicated that it intends to use the evidence to impeach the opinion of Plaintiff's expert, Dr. Jeffrey Kaylor. In Dr. Kaylor's deposition testimony, he opined that Plaintiff was suffering from Chronic Pain Syndrome ("CPS") relating to the 2001 switch accident and Post Traumatic Stress Disorder ("PTSD") resulting from the 2002 near miss accident. Defendant hopes to use the evidence to show jurors that Plaintiff's undisclosed history of violence, arrests,

convictions, drug use, employment discipline, and work place injuries has compromised the validity of Dr. Kaylor's evaluation. According to Defendant, Dr. Kaylor was either unaware of these facts or did not adequately account for them when he made his evaluation of Plaintiff. The Court finds that because Defendant's intended use of the evidence is not to attack any witness' character for truthfulness, but rather to challenge an expert's medical opinion, it is admissible under Rule 608(b). Plaintiff's exclusionary arguments are more suited to Rules 402 and 403. *See Id.*

Certainly there can be more than one cause creating an injury, *Klepsky v. Dick Enters., Inc.*, 55 Fed. Appx. 270, 279 (6th Cir. 2003), and Defendant is allowed to question Plaintiff's expert on other potential or perceived causes. *Mills v. Home Depot U.S.A., Inc.*, 131 Fed. Appx. 67, 70 (6th Cir. 2005); *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 223 (6th Cir. 1982). In this regard, *Mills* is particularly instructive. In *Mills*, defendant cross-examined plaintiff's treating physician concerning his opinion that plaintiff's back injuries were causally related to a fall at Home Depot. *Mills*, 131 Fed. Appx. at 70. Defendant then questioned plaintiff's physician if he was aware of several prior events that may have contributed to plaintiff's back injuries. *Id.* Plaintiff objected on Federal Rule of Evidence 403 grounds and the court found that the "line of questioning appears to us to be particularly relevant to the validity of the opinions rendered by [plaintiff's physician] because it suggests that [he] was not fully informed of [plaintiff's] medical history." *Id.*

As in *Mills*, the proffered evidence is relevant as it has a tendency to dispute the findings of Plaintiff's expert. *Id.* (citing *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)); *see also Lafler v. Burlington N., Inc.*, 724 F.2d 98, 99 (8th Cir. 1984); *Dist. of Columbia v. Lot 813 in Square 568*, 232 F. Supp. 714, 719-20 (D. D.C. 1964) ("Any factors which the experts allegedly failed to consider were a matter for impeachment and argument . . . .").

Unfair prejudice means an "undue tendency to suggest a decision based on improper considerations; it 'does not mean the damage to [Plaintiff's] case that results from legitimate probative force of the evidence.'" *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (other citations omitted). The Court recognizes admission of the evidence may minimally prejudice Plaintiff; however, this prejudice does not *substantially* outweigh the legitimate probative force of the evidence. FED. R. EVID. 403 (emphasis supplied). Furthermore, Defendant would suffer greater prejudice by excluding from the jury evidence that Plaintiff's expert may have erroneously relied on an incomplete record. The Court is confident that the parties and the Court can limit use of the evidence to its proper purpose under Rule 608(b)—to challenge Dr. Kaylor's assumptions—and will accordingly deny Plaintiff's First Motion *In Limine*.[1]

### B. Plaintiff's Second Motion *In Limine*—August 2, 1999 and December 12, 2002 Arrests Under 609

Plaintiff's Second Motion *In Limine* seeks to exclude his August 2, 1999 and December 12, 2002 assault arrests under Federal Rule of Evidence 609. Each incident allegedly stemmed from a domestic dispute. Rule 609 begins by indicating that its purpose is to govern when and how a witness' character for truthfulness may be attacked by evidence of a conviction of a crime. FED. R. EVID. 609(a). As was made clear in section II.A., Defendant does not intend to use the evidence to attack any witness' character for truthfulness. Defendant merely wishes to use the evidence for the limited purpose of challenging the assumptions on which Dr. Kaylor relied when making his

---

[1] Plaintiff also contends the evidence is hearsay since it is an out of court statement and Defendant has not listed witnesses to testify to the evidence's authenticity. Defendant correctly cites that the evidence is not being offered for its truth; rather it will be used to contradict Dr. Kaylor and is therefore not hearsay. FED. R. EVID. 801(c). Furthermore, Defendant was not required to list its impeachment witnesses as that requirement was specifically excluded from the Final Pretrial Order. Consequently, the Court rejects Plaintiff's arguments on theses bases.

evaluation of Plaintiff's injuries.[2]  Therefore, this evidence is admissible for that purpose under Rule 609 and the Court will deny Plaintiff's Second Motion *In Limine*.

### C.    Plaintiff's Third Motion *In Limine*—Prior Medical Conditions

Plaintiff's Third Motion *In Limine* seeks to exclude medical conditions and treatments for his "1994 burn injury, 1995 hand injury, 1996 foot injury, 1997 back strain, and alcohol and/or chemical rehabilitation . . . ." (Pl.'s Br. in Supp. of Third Mot. *In Limine* at 2-3).  As indicated in section II.A, the evidence challenges the validity of Dr. Kaylor's diagnosis of CPS and PTSD. Therefore, for the reasons indicated in section II.A, this evidence will be admitted for the limited purpose of challenging Dr. Kaylor's assessment of Plaintiff's damages.  The Court will deny Plaintiff's Third Motion *In Limine*.

### D.    Plaintiff's Fourth Motion *In Limine*—Safety Rule Violations

Plaintiff's Fourth Motion *In Limine* seeks to exclude testimony from Defendant's employee witnesses as to whether Plaintiff violated any railroad safety rules surrounding the 2001 and 2002 accidents.  Plaintiff believes this to be expert testimony because it is based on the witnesses' experience and expertise in railroad operations.  Plaintiff further believes that since Defendant's employee witnesses' identities were not disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2), their testimony should be barred under Rule 37(c).  Defendant indicates that it does not intend to offer expert testimony through its employee witnesses, but does note that it intends to ask its employee witnesses what their conclusions are concerning Plaintiff's 2001 and 2002 accidents (presumably, concluding Plaintiff's safety violations caused the accidents).

---

[2] Plaintiff's Second Motion *In Limine* also makes the same Rule 608(b), 401, 402, and 403 arguments as his First Motion.  The Motion is denied on those grounds for the same reasons as section II.A.

A lay witness may give his opinion if it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Testimony is that of an expert if the witness' opinions or inferences require specialized knowledge and cannot be reached by any ordinary person. *Heritage Mut. Ins. Co. v. Reck*, 127 Fed. Appx., 194, 199 (6th Cir. 2005) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996)). The Court finds that railroad operations and the cause of accidents occurring therein are not within the scope of the ordinary person's knowledge. Thus, while Defendant's employee witnesses can certainly testify to facts they observed, they cannot offer their conclusions as to the cause of the accidents—that Plaintiff violated safety rules— since that question is within the purview of an expert.[3] Furthermore, Defendant has not articulated any reason for its non-disclosure under Federal Rules of Civil Procedure 26(a).

Thus, the Court will grant Plaintiff's Fourth Motion *In Limine* and preclude Defendant from offering testimony concerning its employees' conclusions pertaining to the cause of the 2001 and 2002 accidents unless that witness was disclosed as an expert in discovery.[4]

### E.   Plaintiff's Fifth Motion *In Limine*—Reference to Any Discipline Assessed to Plaintiff by Defendant

Plaintiff's Fifth Motion *In Limine* endeavors to exclude any evidence of discipline by Defendant against him under Federal Rules of Evidence 401, 402, and 403. Defendant responds that

---

[3] Defendant has not suggested that these employees witnessed the accidents and has only indicated that they investigated the scene afterward, met with other employees, and drew their own conclusions.

[4] Defendant has disclosed it will rely on a liability expert's testimony for this point and will be able to offer its evidence that way.

it knows of only one disciplinary incident that it intends to introduce. According to Defendant, after the 2002 accident Defendant investigated possible discipline against Plaintiff. Pursuant to Defendant's investigation manual, Plaintiff had the choice of electing a "Time Out," whereby he could admit responsibility and forgo a disciplinary hearing or continue with the formal discipline process. Plaintiff chose a "Time Out" and Defendant seeks to introduce this choice as evidence of an admission of fault regarding the 2002 accident.

The Court finds that Plaintiff's election of a "Time Out" and its attendant consequences to be of little probative value and unduly prejudicial. No verified factual findings were ever generated regarding Plaintiff's conduct and he could have elected a "Time Out" for a host of different reasons other than an internal admission of fault. The Court fears jurors will attribute undue weight to Plaintiff's decision and base their verdict on an improper consideration. Therefore, the Court will grant Plaintiff's Fifth Motion *In Limine.*

      **F.**      **Plaintiff's Sixth Motion *In Limine*—Defendant's Work Product**

Plaintiff's Sixth Motion *In Limine* requests the exclusion of any document previously claimed by Defendant as work product. Defendant does not plan on offering any evidence previously claimed as work product at trial. Since Defendant has no principled objection, the Court will grant Plaintiff's Sixth Motion *In Limine*.[5]

---

[5] Despite a positive affirmation in his Motion, the Court has some doubt as to the sincerity of Plaintiff's efforts to seek Defendant's concurrence. *See* W.D. MICH. LCIVR 7.1(d).

## G. Plaintiff's Seventh Motion *In Limine*—Undisclosed Surveillance Footage

Plaintiff's Seventh Motion *In Limine* seeks to exclude any undisclosed surveillance footage from trial. Defendant does not oppose the Motion because it does not have any undisclosed surveillance footage.[6] The Court will grant Plaintiff's Seventh Motion *In Limine*.

## H. Plaintiff's Eighth Motion *In Limine*—Exclusion of Non-Testifying Witnesses

Plaintiff's Eighth Motion *In Limine* requests that all witnesses be excluded from the courtroom until they are called to testify. Since Defendant has no objection, the Court will grant Plaintiff's Eighth Motion *In Limine*.[7]

## I. Plaintiff's Ninth Motion *In Limine*—The Location of Plaintiff's Law Firm

Plaintiff's Ninth Motion *In Limine* asks the Court to preclude Defendant from referring to the location of Plaintiff's law firm (Chicago, Illinois), presumably to prevent any bias against his out-of-state attorneys. Defendant acknowledges that it does not expect to make any reference to the location of Plaintiff's law firm; even so, it does wish to preserve its right to explain to jurors that Plaintiff's expert witness is located in close proximity to Plaintiff's law firm and further denote the number of times that Plaintiff's law firm has engaged that particular expert. In light of these competing interests, the Court will allow Defendant to refer to the proximity of Plaintiff's law firm and expert witness and also permit it to indicate the number of times that Plaintiff's expert has been hired by Plaintiff's law firm. However, Defendant may not mention the actual geographic location

---

[6] *See supra* note 5.

[7] *See supra* note 5.

of either Plaintiff's law firm or his expert witness. Thus, the Court will grant Plaintiff's Ninth Motion *In Limine* subject to the conditions articulated herein.

      **J.**      **Plaintiff's Tenth Motion *In Limine*—November 25, 2002 Drug Screening Test Results**

Plaintiff's Tenth Motion *In Limine* seeks to exclude a positive drug test after the 2002 accident under Rule 403. Plaintiff believes the only purpose for referencing the 2002 drug test would be to impugn Plaintiff's character for truthfulness. Defendant intends to use the evidence not to show fault for the 2002 accident but to rebut Plaintiff's claim for PTSD and lost wages. Defendant contends that because of his positive drug test results in contravention of company policy, Plaintiff could no longer return to its employ. Defendant also believes that Plaintiff's drug use compromises his claim of PTSD. For the same reasons articulated in section II.A, the Court finds the 2002 drug test results admissible for the limited purpose of challenging Plaintiff's claim of damages and will deny Plaintiff's Tenth Motion *In Limine*.[8]

      **K.**      **Plaintiff's Eleventh Motion *In Limine*—1995 Drug Screening Test Results**

Plaintiff's Eleventh Motion *In Limine* seeks to exclude records of his 1995 positive drug test while working for another employer. As in section II.A and II.J, the Court finds this evidence relevant to Plaintiff's claim of PTSD and will admit the evidence for the purpose of Defendant's challenge to that claim. Therefore, the Court will deny Plaintiff's Eleventh Motion *In Limine*.

---

[8] Plaintiff has also made a curious preemption argument that federal regulations in some way work to exclude evidence in a FELA claim. Since such a theory is not supported by Plaintiff's cited case law, and the Court knows of no other cases that do, the Court rejects Plaintiff's preemption theory.

### L.  Plaintiff's Twelfth Motion *In Limine*—1996 Felony Conviction

Plaintiff pled guilty to a felony concealed weapons charge in February 1996. He received probation and completed his probation in January 1997. Plaintiff's Twelfth Motion *In Limine* proposes that despite falling within the ambit of Rule 609(a)(1), the Court should exclude this evidence because it has little probative value concerning Plaintiff's character for truthfulness and is highly prejudicial. The Court agrees. The felony conviction has no relevance to the facts surrounding Plaintiff's accidents and bears little relation to Plaintiff's claim of CPS, PTSD, or lost wages. Unlike previous evidence, the concealed weapons conviction does not demonstrate that Plaintiff is physically assaultive, reacts violently, or otherwise suffers from existing emotional infirmities. Thus, the Court will grant Plaintiff's Twelfth Motion *In Limine* and exclude evidence of his 1996 felony conviction under Rule 609.

### M.  Plaintiff's Thirteenth Motion *In Limine*—Testimony of Roy L. Dean

Plaintiff's final Motion *In Limine* seeks to exclude the testimony of Defendant's expert Roy L. Dean because he believes Dean's expert opinion has no factual basis. Plaintiff contends Dean's opinion is contradicted by the eye witness testimony of Plaintiff and David Mikita, "who have testified that the engine never entered the switch points prior to Plaintiff's injury." (Pl.'s Br. in Supp. of Thirteenth Mot. *In Limine* at 3). Defendant responds that Mikita did not indicate what is meant by "switch points" and that Mikita will now testify that he meant the terms "switch points" to "mean the very end of the switch." (Def.'s Br. in Opp'n at 2). Defendant believes Mikita's clarification of his testimony supports Dean's opinion. Thus, given the ambiguities in Mikita's testimony and Defendant's purported clarification, the Court cannot say Dean's testimony lacks a factual

foundation. Furthermore, Plaintiff will have the opportunity to thoroughly cross-examine Dean on what he perceives as contradictory findings.

Plaintiff also argues Dean's opinion should be excluded for relying on hearsay. "Although it once was the rule of evidence in federal courts that expert opinion testimony could not be based on inadmissible hearsay, that is no longer the law nor has it been since the adoption of the Federal Rules of Evidence in 1975." *Kingsley Assoc. Inc. v. Del-Met, Inc.*, 918 F.2d 1277, 1286 (6th Cir. 1990). Thus, the Court will deny Plaintiff's Thirteenth Motion *In Limine*.

## IV. CONCLUSION

Therefore, the Court will grant Plaintiff David Katerberg's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Twelfth Motions *In Limine*. The Court will deny Plaintiff's First, Second, Third, Tenth, Eleventh, and Thirteenth Motions *In Limine*. An Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  
    December 20, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE